**CARPENTER BODY WORKS, INC.,**
**Appellant,**

**v.**

**Tommy D. McCULLEY, Jr., et al.,**
**Appellees.**

**No. 14603.**

Court of Civil Appeals of Texas.

Houston.

April 8, 1965.

Rehearing Denied April 29, 1965.

A. J. Watkins, Baker, Heard, Elledge & Watkins, Houston, Ballard Bennett; Wiley Thomas, Angleton, for appellant.

Ralph K. Miller, Miller & Gann, Houston, Leland B. Kee, Davis & Kee, Angleton, for appellees.

BELL, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea to the jurisdiction of the trial court, the plea being asserted in a special appearance made pursuant to the right conferred by Rule 120a, Texas Rules of Civil Procedure.

Tommy D. McCulley, Jr., individually and as next friend of Tommy D. McCulley, III, sued appellant and three other defendants, to recover damages for personal injuries suffered by Tommy, III, when a door on a school bus came open while Tommy III was a passenger, causing him to fall from the bus. Appellant was alleged to be the manufacturer of the bus. It was alleged that appellant was a foreign corporation doing business in Texas and that it had failed to appoint an agent for service. It was asked that service be made upon the Honorable Crawford D. Martin, Secretary of State, pursuant to the provisions of Article 2031b, Sec. 3, Vernon's Ann. Tex.Civ.St. Service was so made. Appellant filed its motion that the service be held invalid and that it be quashed.

Thereafter, two of the other defendants filed cross-actions against appellant. To each cross-action appellant also made a special appearance for the sole purpose of attacking the jurisdiction of the court on the ground that it was not amenable to service in an in personam action brought in Texas.

When the record was filed in this Court, we raised the question as to whether the Court had jurisdiction since the order overruling the plea to the jurisdiction was thought to be interlocutory and we knew of no statute or rule authorizing an appeal.

We requested the filing of briefs by counsel directed solely to the question of our jurisdiction. Briefs have been filed by said counsel.

We are of the view that the order appealed from is purely interlocutory and there is no rule or statute authorizing an appeal from an order overruling a plea to the jurisdiction.

Rule 120a is silent as to appealability in such case but by strong implication it precludes an appeal. It provides in paragraph 3:

"If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State."

This language to us shows an intention that the party whose plea to the jurisdiction is overruled shall thereafter proceed to trial on the merits and if he suffers adverse judgment on the merits, his complaints on appeal may encompass one complaining of the trial court's action in overruling his plea to the jurisdiction.

The only Texas case we have found discussing the appealability of an order overruling a plea to the jurisdiction is Fishbein v. Thornton, Tex.Civ.App., 247 S.W. 2d 404. In that case it was stated that an order overruling a plea to the jurisdiction was interlocutory and not appealable. We are in accord with that statement.

The rule in most states is that such an order is interlocutory and not appealable in the absence of statutory authority. 30 A.L.R.2d 287, 291. Professor Wayne Thode of the University of Texas School of Law discusses Rule 120a in an article

in 42 Texas Law Review 279. He there expresses the view that an order overruling a plea to the jurisdiction is interlocutory and not appealable.

Appeal dismissed.