UNITED MEXICAN STATES, Relator,

v.

Honorable Calvin ASHLEY, Judge, et al., Respondent.

No. B–6853.

Supreme Court of Texas.

Oct. 5, 1977.

Rehearing Denied Nov. 16, 1977.

Denning E. Schattman and Michael D. Schattman, Murad, Wilemon & Henningan, Jerry Murad, Fort Worth, for relator.

Eugene Sherrod, Jr., Clifford A. Bridwell, Wichita Falls, for respondent.

McGEE, Justice.

This is an original mandamus brought by the United Mexican States (Mexico), a sovereign nation, against the Honorable Calvin Ashley, district judge. This mandamus was sought as the result of a suit filed by C. J. Brannan against Mexico concerning lands allegedly expropriated by Mexico without compensation. Mexico contends that the district court had no jurisdiction and should have dismissed the suit; Brannan disputes this contention.

Brannan filed suit against Mexico on December 10, 1976, alleging that he was the owner of two ranches in Mexico which had been expropriated by Mexico in 1963 and 1967. In Brannan's original petition he stated that Mexico, a foreign sovereign, had property located within Texas. On December 10, 1976, Brannan made application for writ of attachment in the district court, which was granted the same day. The

property sought to be attached was a collection of pre-Columbian artifacts held by a United States Marshal and claimed as the property of Mexico. Service of citation was made on Honorable Enrique Vasquez, Consul of Mexico, on December 14, 1976.

On December 22, 1976, Brannan filed a motion in the United States District Court for the Western District of Texas seeking to establish a lien by attachment on the pre-Columbian artifacts which had been used as evidence in a criminal case in that court.[1] Brannan's motion also stated that he knew of no other property situated in the State of Texas upon which attachment could be levied. There is nothing in this record showing what ruling, if any, the federal district court made on Brannan's motion.

On January 6, 1977, Mexico filed a special appearance in Judge Ashley's court, stating that in all cases affecting foreign consuls, suits could not be brought in a state court. The special appearance also stated that because Brannan's petition was a complaint against the sovereignty of lands located in Mexico, it constituted a direct attack against Mexico's sovereignty and could not be brought in state or federal court.

Brannan served the Mexican Consul with written interrogatories on February 16, 1977, which Mexico has refused to answer. On February 17, 1977, Mexico filed an additional special appearance stating that its consul, Enrique Vasquez, could not accept service of process by a Texas court. Brannan then served the Mexican Consul with requests for admissions on April 11, 1977. Mexico later objected to the interrogatories and requests asserting that it did not need to answer them because they did not pertain to the question of whether the district court had jurisdiction to hear the suit. Subsequently Brannan filed a motion to compel answers to the interrogatories and to deem the requests admitted. Mexico then filed a motion to dismiss the suit, an objection to the district court's jurisdiction, and requested a hearing on the matter of jurisdiction. Mexico never filed a motion to quash the service made upon Vasquez or a motion contesting the attachment of the property.

The district court heard all pending motions on June 3, 1977. On June 7, 1977, the district court entered an order stating that it had jurisdiction of the cause. The court overruled Mexico's motion to dismiss, its objection to jurisdiction, and its objection to the requests and written interrogatories. The court granted Brannan's motion to compel answers to his interrogatories and conditionally granted Brannan's motion to deem the requests admitted.

Mexico brings this case as a mandamus because, in effect, its motions for special appearance were overruled by the action of the trial court. The order which overruled the special appearances cannot be appealed; therefore, it was necessary for Mexico to bring this cause as a mandamus. *Carpenter Body Works, Inc. v. McCulley,* 389 S.W.2d 331 (Tex.Civ.App.—Houston 1965, writ ref'd), *cert. denied,* 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966).

Brannan contends that the doctrine of sovereign immunity is not an absolute jurisdictional bar to the suit and argues that the doctrine applies only to the merits of a case. In summary, Brannan argues that the trial court has jurisdiction to consider this case and the defenses of sovereign immunity and act of state would not operate as a bar to the suit at this stage in the proceedings.

■■■ We hold that the doctrine of sovereign immunity applies to this case and bars Brannan's suit against Mexico in the courts of Texas. Under the doctrine of sovereign immunity, a foreign sovereign is immune from suit absent its consent to be sued. *The Schooner Exchange v. McFadden,* 11 U.S. (7 Cranch) 116, 3 L.Ed. 287 (1812). Sovereign immunity has been modified and it has been stated that "restrictive

---

1. In *United States v. McClain,* 545 F.2d 988 (5th Cir. 1977), the Fifth Circuit reversed and remanded the criminal case involving the arti-

facts to allow the trial court to determine if Mexico owned the artifacts.

sovereign immunity" is now the law in the United States. *Alfred Dunhill of London, Inc. v. Cuba,* 425 U.S. 682, 703, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976); *see Mexico v. Hoffman,* 324 U.S. 30, 35–36, 65 S.Ct. 530, 89 L.Ed. 729 (1945); *Ex parte Peru,* 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 714 (1943). The doctrine of restrictive sovereign immunity denies immunity to sovereigns when the suit arises out of a purely commercial transaction, with the foreign sovereign acting solely in a commercial capacity. *Alfred Dunhill of London, Inc. v. Cuba,* 425 U.S. 682, 703, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). The doctrine of restrictive sovereign immunity is inapplicable to this suit because no commercial activity is involved. It is undisputed that the action giving rise to this suit was Mexico's expropriation of Brannan's ranches located in Mexico. While expropriation of lands of a Texas citizen by a foreign power is not an activity to be commended, the action is a governmental action and not a commercial activity within the scope of the doctrine of restrictive sovereign immunity. *Alfred Dunhill of London, Inc. v. Cuba,* 425 U.S. 682, 704, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). We hold that the restriction placed on the doctrine of sovereign immunity is inapplicable in this case and Brannan's suit is thus barred.

■ Mexico also asserts that the act of state doctrine bars this suit. Generally the act of state doctrine provides that courts will not review the validity of executive or legislative acts of a foreign sovereign affecting property within that sovereign's own borders. *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964); *American Banana Co. v. United Fruit Co.,* 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826 (1909); *Underhill v. Hernandez,* 168 U.S. 250, 18 S.Ct. 83, 42 L.Ed. 456 (1897).

It is Brannan's contention that the trial court must ignore the act of state doctrine due to the "Hickenlooper Amendment," an amendment to the Foreign Assistance Act of 1964, 22 U.S.C., Sec. 2370(e)(2). The Hickenlooper Amendment currently provides:

(2) Notwithstanding any other provision of law, no court in the United States shall decline on the ground of the federal act of state doctrine to make a determination on the merits giving effect to the principles of international law in a case in which a claim of title or other right to property is asserted by any party including a foreign state (or a party claiming through such state) based upon (or traced through) a confiscation or other taking after January 1, 1959, by an act of that state in violation of the principles of international law, including the principles of compensation and the other standards set out in this subsection: *Provided,* That this subparagraph shall not be applicable (1) in any case in which an act of a foreign state is not contrary to international law or with respect to a claim of title or other right to property acquired pursuant to an irrevocable letter of credit of not more than 180 days duration issued in good faith prior to the time of the confiscation or other taking, or (2) in any case with respect to which the President determines that application of the act of state doctrine is required in that particular case by the foreign policy interests of the United States and a suggestion to this effect is filed on his behalf in that case with the court.

Brannan argues that under the Amendment the act of state is no bar to his suit.

■ We hold that the Hickenlooper Amendment is inapplicable to the facts of this case. Courts have narrowly construed the Amendment and have held it to be inapplicable in situations where property is expropriated by a foreign sovereign, and neither the expropriated property nor its proceeds are in the United States. *See Menendez v. Saks & Co.,* 485 F.2d 1355, 1364, 1372 (2nd Cir. 1973), *rev'd on other grounds, Alfred Dunhill of London, Inc. v. Republic of Cuba,* 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976); *Banco Nacion-*

al de Cuba v. First National City Bank, 431 F.2d 394, 399–402 (2nd Cir. 1970), rev'd on other grounds, 406 U.S. 759, 92 S.Ct. 1808, 32 L.Ed.2d 466 (1972); French v. Banco Nacional de Cuba, 23 N.Y.2d 46, 295 N.Y. S.2d 433, 242 N.E.2d 704 (1968). The facts of this case do not require us to reach the question of whether the sovereign immunity defense would bar a suit that came within the provisions of the Hickenlooper Amendment.

The restriction placed on the doctrine of sovereign immunity, acts of a sovereign in a purely commercial capacity, has now been applied to the act of state doctrine as well. Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 695–706, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976). While the validity of the restriction is still in doubt, it is undisputed that in expropriating Brannan's land the acts of Mexico were governmental, not commercial, and the restriction is inapplicable to this suit. See Alfred Dunhill of London, Inc. v. Cuba, 425 U.S. 682, 724–730, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976) (Marshall, Brennan, Stewart & Blackmun, JJ., dissenting).

We hold that the district court lacked jurisdiction to order Mexico to answer the interrogatories, conditionally deem the requests admitted, and deny Mexico's motion for dismissal. There was no dispute concerning the facts of this case when Mexico made its motion to dismiss. The action upon which the suit was based was an act of a foreign sovereign, made in its governmental capacity, affecting only property within the foreign sovereign. From the pleadings and the undisputed facts it was evident that Brannan's suit was barred.

We expect Judge Ashley to withdraw his prior orders and dismiss this cause. A mandamus will issue only if Judge Ashley fails to comply with these directions. The orders concerning the requests for admissions and interrogatories should be withdrawn and the cause dismissed.

STEAKLEY, J., concurs in the result.