TRANSPORTES AEREOS NACIONALES, S.A.; Servicio Aereo De Honduras, S.A.; Continental Airlines, Inc., Relators,

v.

The Honorable Dan DOWNEY, Judge of the 295th District Court of Harris County, Texas, Respondent.

Nos. 01–91–00829–CV, 01–91–00822–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 10, 1991.

Rehearing Denied Nov. 7, 1991.

Jad J. Stepp, New York City, W.D. Carter & Jennifer Bunch Hogan, Houston, for relator.

John L. Grayson, G.P. Hardy, III, Robert L. Collins, and George M. Fleming, Houston, for respondent.

Before BASS, DUNN and HUGHES, JJ.

## OPINION

PER CURIAM.

Relators are defendants in a lawsuit filed by more than 50 plaintiffs who claim damages for their own personal injuries or for the wrongful death of a spouse, parent, or child under section 71.001 et seq. of the Texas Civil Practice and Remedies Code and under Texas common law for negligence, gross negligence, and strict products liability. Plaintiffs are residents of five American states and five foreign nations.

Continental Airlines seeks the issuance of a writ of mandamus directing respondent, Judge Dan Downey, to withdraw his order of May 30, 1991, as it pertains to the elements of the plaintiffs' recoverable compensatory damages and to enter an order that the plaintiffs' recoveries of compensatory damages are to be governed by the law of each plaintiff's domicile. In a companion mandamus proceeding, Transportes Aereos Nacionales, S.A., and Servicio Aereo de Honduras, S.A., (hereinafter collectively referred to as "TAN–SAHSA"), ask that this Court order respondent to rescind his order of May 30, 1991, and to hold that Honduran law applies to the liability of relators for compensatory and punitive damages; that the law applicable to the elements of plaintiffs' recoverable damages is the law of the passengers' respective domiciles; and that the law of Honduras applies to the claims brought on behalf of the crew members.

On October 21, 1989, TAN–SAHSA flight 414, enroute to Miami, Florida, from San Jose, Costa Rica, crashed while approaching an intermediate stop at Tegucigalpa, Honduras. Of the 146 persons on board, 131 died in the crash. The aircraft in question was a 1968 Boeing, Model 727, and was registered in the United States. The aircraft was manufactured in Seattle, Washington, was owned by Houston-based defendant Continental airlines, and was leased to TAN–SAHSA Airlines. TAN–SAHSA took delivery of the aircraft in Houston.

The order of which relators complain states:

The laws of the State of Texas shall govern the following issues:

1. Plaintiffs' entitlement to punitive damages against; (a) Transportes Aereos Nacionales, S.A. ("Transportes"), (b) Servicio Aereos De Honduras, S.A. ("Servicio"), and (c) Continental Airlines, Inc. ("Continental")

2. Plaintiffs' claims that Continental, Transportes or Servicio were negligent in maintaining and inspecting the aircraft, and Plaintiffs' right to compensatory damages as a result thereof.

3. Plaintiffs' claims against Transportes, Servicio and Continental that the aircraft was defective and unreasonably dangerous, and Plaintiffs' right to compensatory damages as a result thereof.

The law of Honduras shall govern the following issues:

1. Plaintiffs' claims against all defendants for negligence in operating the aircraft, and Plaintiffs' right to compensatory damages as a result thereof.

2. Any and all claims against Raul E. Argueta and Reynario Canales Giron.

Relators assert that, under Texas law, conflicts of law issues are determined by application of the "most significant relationship" test set forth in sections 6 and 145 of the *Restatement (Second) of Conflicts of Law* (1971) (hereinafter *Restatement*).[1] *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419–21 (Tex.1884); *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). They argue that because the

Texas Supreme Court embraced the *Restatement* test in the *Duncan* and *Gutierrez* cases, respondent clearly abused his discretion in failing to presume that Honduras has the most significant relationship to the issue of relators' liability because both the accident and the conduct causing the accident occurred in Honduras. This Court concludes otherwise.

 The writ of mandamus is an extraordinary remedy that only lies to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985). The writ may not be used as a form of interlocutory appeal. *Street v. Second Court of Appeals*, 715 S.W.2d 638 (Tex.1986). This Court declines to issue writs of mandamus to supervise or correct an incidental ruling of a trial judge when there is an adequate remedy by way of appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990). We find that relators failed to demonstrate that respondent's order was a clear abuse of discretion and that they will have no adequate remedy by way of appeal.

The motion for leave to file petition for writ of mandamus is, therefore, overruled.

---

1. Section 6 of the *Restatement* provides:

(1) a court, subject to constitutional restriction, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Section 145 outlines the factual matters to be considered when applying the section 6 principles to a claim in tort. Section 145 provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in section 6.

(2) Contacts to be taken into account in applying the principles of section 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.