**N.H. HELICOPTERS, INC., Relators,**

v.

**The Honorable Joe B. BROWN, Judge 95th District Court Dallas County, Texas, Respondent.**

No. 05–92–01538–CV.

Court of Appeals of Texas, Dallas.

Sept. 2, 1992.

Charles S. Smith, John W. Moore, Michael V. Powell, Dallas, for relators.

Charles S. Siegel, Dallas, for respondent.

Before BURNETT, MALONEY and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

This mandamus proceeding involves an order overruling a special appearance. We conclude that relator has an adequate remedy by appeal. We deny leave to file.

## FACTS

The underlying lawsuit is a wrongful death action arising from a helicopter crash. Cheryl Grover sued Aerospatiale Helicopter Corporation and N.H. Helicopters, Inc. for negligence and breach of express and implied warranties. These claims arise from repair work done on the helicopter at a maintenance facility in New Hampshire.

N.H. Helicopters filed a special appearance. The company argued that its minimal contacts with Texas were not sufficient to create personal jurisdiction in this case. Grover asserted that the business activities and pervasive presence of N.H. Helicopters in Texas justified the exercise of personal jurisdiction. The trial court overruled the special appearance. N.H. Helicopters seeks mandamus relief from this Court.

## SPECIAL APPEARANCE

■ A defendant may file a special appearance to object to jurisdiction over the person or property. TEX.R.CIV.P. 120a, subd. 1. The defendant has the burden of proof on the jurisdictional issue. *Smith v. Reynolds*, 533 S.W.2d 861, 862 (Tex.Civ. App.—San Antonio 1976, no writ). The trial court may consider pleadings, stipulations, affidavits, discovery responses, and oral testimony in determining the special appearance. TEX.R.CIV.P. 120a, subd. 3. If the trial court sustains the special appearance, it may dismiss the case against the objecting defendant. *See Smith*, 533 S.W.2d at 862. If the special appearance is

overruled, the objecting party may thereafter appear generally without waiving his objection. TEX.R.CIV.P. 120a, subd. 4. An order overruling a special appearance is interlocutory and not subject to immediate appeal. *Carpenter Body Works, Inc. v. McCulley*, 389 S.W.2d 331, 332 (Tex.Civ. App.—Houston 1965, writ ref'd), *cert. denied*, 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966).

## MANDAMUS STANDARDS

■ Mandamus is an extraordinary remedy available in only limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 841 (Tex.1992, orig. proceeding). Mandamus will lie to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy. *Walker*, 827 S.W.2d at 839; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985, orig. proceeding). The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a fundamental tenet of mandamus practice. *Walker*, 827 S.W.2d at 839; *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989, orig. proceeding).

## ADEQUATE REMEDY BY APPEAL

■ The threshold issue before this Court is whether N.H. Helicopters has an adequate remedy at law by appealing the order overruling its special appearance after the entry of a final judgment. N.H. Helicopters argues that mandamus relief is appropriate because of the expense and inconvenience associated with litigating a complex products liability case in a distant forum before obtaining a remedy by appeal. We disagree.

■ Mandamus may not be used as a form of interlocutory appeal. *Transportes Aereos Nacionales v. Downey*, 817 S.W.2d 393, 395 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). We do not issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990, orig. pro-

ceeding). This rule is applicable even if "it might logically be argued that the [relator] was entitled, as a matter of law, to the action sought to be compelled." *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). The additional cost and delay of pursuing an appeal does not render appeal an inadequate remedy to mandamus relief. *Bell Helicopter*, 787 S.W.2d at 955; *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

Appellate courts have consistently refused to use mandamus to review incidental pre-trial rulings and orders. *See Bell Helicopter*, 787 S.W.2d at 955 (plea to the jurisdiction asserting lack of subject matter jurisdiction); *Abor v. Black*, 695 S.W.2d 564 (Tex.1985) (plea in abatement); *Hendrick Medical Center v. Howell*, 690 S.W.2d 42 (Tex.App.—Dallas 1985, orig. proceeding) (venue determination). In each of these cases, the courts have concluded that an appeal after a final judgment is an adequate remedy. We see nothing to distinguish, for purposes of mandamus, a trial court ruling on a special appearance from a ruling on a plea asserting lack of subject matter jurisdiction. *Cf. Bell Helicopter*, 787 S.W.2d at 955; *Owens v. Moore*, 778 S.W.2d 151 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).[1]

## CONCLUSION

We conclude that N.H. Helicopters has an adequate remedy by appeal. We deny leave to file the petition for writ of mandamus.

---

1. The Amarillo court of appeals recently held that an order overruling a special appearance is reviewable by mandamus. *Laykin v. McFall*, 830 S.W.2d 266 (Tex.App.—Amarillo 1992, orig. proceeding). The court relied on *Hutchings v. Biery*, 723 S.W.2d 347 (Tex.App.—San Antonio 1987, orig. proceeding) and *United Mexican States v. Ashley*, 556 S.W.2d 784 (Tex.1977) to conclude that mandamus was an appropriate remedy.

*Hutchings* involved a motion for clarification and modification of a child support order. The Supreme Court has recognized that appeal may be an inadequate remedy in cases involving child support and child custody issues. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987, orig. proceeding). *United Mexican States* involved an assertion of sovereign immunity by a foreign nation. Thus, both *Hutchings* and *United Mexican States* presented factors which bore on the adequacy of a remedy by appeal which are not present in this case. We do not view these cases as supporting the conclusion that an order overruling a special appearance is, in the ordinary case, subject to mandamus review. Therefore, we decline to follow *Laykin*.