Walter **BROWN**, Gail Gemberling, Jacquelyn Goodman, Scott Roberts, the City of Austin, the City of Austin Planning Commission, Dr. Lynn Ledbetter, Individually and as Executrix of the Estate of Frances L. Ledbetter, Deceased, and John Michael Ledbetter, Relators,

v.

Honorable Guy **HERMAN**,
Judge, Respondent.

No. 3–92–541–CV.

Court of Appeals of Texas,
Austin.

April 21, 1993.

James E. Cousar, Thompson & Knight, P.C., Austin, for Walter Brown.

Wayne Gronquist, Austin, for Jacquelyn Goodman.

Stephen I. Adler, Barron & Adler, Austin, for The Summit at West Rim, LTD., Weaver Interests, Inc., and Evan P. Weaver, real parties in interest.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

ORDER

PER CURIAM.

Relators Walter Brown, Gail Gemberling, Jacquelyn Goodman, Scott Roberts, the City of Austin, the City of Austin Planning Commission, John Michael Ledbetter, and Dr. Lynn Ledbetter, Individually and as Executrix of the Estate of Frances L. Ledbetter, have filed a motion for leave to file petition for writ of mandamus or prohibition and tendered their petition. *See* Tex. Gov't Code Ann. § 22.221(b) (West 1988); Tex.R.App.P. 121. The real parties in interest are The Summit at West Rim, Ltd.; Weaver Interests, Inc.; and Evans P.

Weaver, individually. We will deny the motion for leave to file because we conclude that relators have an adequate remedy at law.

Relators request this Court to order respondent, the Honorable Guy Herman, Judge of the Probate Court No. One of Travis County, to vacate his orders overruling relators' pleas to the jurisdiction and permitting limited discovery in the underlying proceeding. Relators filed pleas to the jurisdiction asserting that the claims against the City, the Planning Commission, and the individual Commission members or former members are not within the jurisdiction of the probate court. *See* Tex.Prob. Code Ann. §§ 5(e), 5A (West Supp.1993). After a hearing, the probate court determined that it had jurisdiction over the claims, overruled the pleas to the jurisdiction and permitted limited discovery as to one element of the individual defendants' defense of official immunity.

"Mandamus will not issue where there is 'a clear and adequate remedy at law, such as a normal appeal.'" *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992, orig. proceeding), quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984, orig. proceeding). A fundamental tenet of mandamus practice is that a party seeking mandamus relief must establish the lack of an adequate remedy at law. *Walker*, 827 S.W.2d at 939; *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989, orig. proceeding); *N.H. Helicopters, Inc. v. Brown*, 841 S.W.2d 424, 425 (Tex.App.— Dallas 1992, orig. proceeding). The issue of trial-court jurisdiction is a matter properly addressed on appeal. *See Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990, orig. proceeding) (plea to jurisdiction asserting lack of subject-matter jurisdiction); *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex.1985) (plea in abatement); *N.H. Helicopters*, 841 S.W.2d at 426 (ruling on special appearance); *State Bd. of Ins. v. Williams*, 736 S.W.2d 259, 261 (Tex.App.—Austin 1987, orig. proceeding) (plea in abatement, motions to show authority and to dismiss). An appellate remedy is not inadequate because it may

involve more expense or delay than obtaining relief by mandamus. *Packer*, 827 S.W.2d at 842; *Iley v. Hughes*, 311 S.W.2d 648, 652 (Tex.1958, orig. proceeding); *Williams*, 736 S.W.2d at 261.

Nevertheless, relators assert that mandamus relief is appropriate, citing *Qwest Microwave, Inc. v. Bedard*, 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding). There the court of appeals determined that an order denying a plea to the jurisdiction was void and subject to mandamus review because the trial court "erroneously conclude[d] that, solely as a matter of law," it had subject-matter jurisdiction over the cause in a probate matter. *Id.* at 434; *see State Bd. of Ins. v. Betts*, 315 S.W.2d 279, 282 (Tex.1958, orig. proceeding); *Allen v. Tennant*, 678 S.W.2d 743, 745 (Tex.App.—Waco 1984, orig. proceeding) (through exercise of original jurisdiction, appellate court may order trial court to vacate void order).

■ We decline to follow *Qwest Microwave.* The probate court had the jurisdiction to determine its jurisdiction as provided for in section 5A of the Probate Code. Tex.Prob.Code Ann. § 5A (West Supp. 1993); *Graham v. Graham*, 733 S.W.2d 374, 377 (Tex.App.1987—Amarillo, writ ref'd n.r.e.); *Zamora v. Zamora*, 241 S.W.2d 635, 638 (Tex.Civ.App.—El Paso 1951, writ ref'd n.r.e.). An erroneous determination as to jurisdiction does not render that order void. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985, orig. proceeding). Accordingly, we conclude that mandamus is inappropriate to challenge the order overruling relators' pleas to the jurisdiction.[1] *See Pope v. Fer-*

*guson*, 445 S.W.2d 950, 954 (Tex.1969, orig. proceeding), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970) (general rule of adequate remedy applies even if party "was entitled, as a matter of law, to the action sought to be compelled").

By the motion and petition for mandamus, Brown, Gemberling, Goodman, and Roberts also ask this Court to vacate the trial-court protective order of October 22, 1993. Brown, Gemberling, and Roberts, the individuals subject to the protective order,[2] have asserted the defense of official immunity in the proceeding below. The order purportedly limits discovery to matters relating to that defense, an issue that the court may determine on summary judgment. The record before this Court does not indicate what discovery, if any, the real parties in interest have requested pursuant to this order or relators' specific objections to such requests.

For the reasons set out above, we conclude that mandamus is inappropriate in the instant proceeding. The motion for leave to file petition for writ of mandamus is overruled. *See* Tex.R.App.P. 121(c).

It is so ordered.

■

---

1. On February 16, 1993, the supreme court conditionally granted a petition for writ of mandamus in which the relator sought review of an order denying its plea to the jurisdiction, motion to dismiss, plea in abatement, and motion for protective order. *Texas Water Comm'n v. Dellana*, 36 Tex.Sup.Ct.J. 556 (Feb. 17, 1993). In the opinion that followed, the supreme court did not expressly address the availability of mandamus to review the district-court determination of the jurisdictional questions. The court apparently determined that a remedy by appeal was inadequate because the district court allowed "discovery patently irrelevant to the judicial proceeding." *Texas Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex.1993, orig. pro-

ceeding). The court directed the respondent to vacate his entire order. *Id.* at 810. As an intermediate appellate court, we are bound by the supreme court pronouncements on the availability of an adequate remedy. *See Lofton v. Texas Brine Corp.*, 777 S.W.2d 384, 386 (Tex. 1989); *Day & Zimmerman, Inc. v. Hatridge*, 831 S.W.2d 65, 71 (Tex.App.—Texarkana 1992, writ denied).

2. The order at issue requires discovery only from these three individuals. Goodman does not request this Court to order respondent to vacate his order of October 15, 1992, that compels her to answer certain interrogatories and to appear for a deposition.