NATIONAL INDUSTRIAL SAND
ASSOCIATION, Relator,

v.

The Hon. Jay GIBSON, Judge, 70th
Judicial District Court, Ector
County, Texas, Respondent.

No. 08–93–00129–CV.

Court of Appeals of Texas,
El Paso.

April 30, 1993.

Rehearing Overruled June 2, 1993.

Robert F. Frost, Scott W. MacLarsen, Dallas, for relator.

Before OSBORN, C.J., and BARAJAS and LARSEN, JJ.

## OPINION

PER CURIAM.

National Industrial Sand Association ("NISA") has moved to file a petition for writ of mandamus in this Court, challenging the trial court's order overruling its special appearance. We deny leave to file, finding that relator has an adequate remedy by appeal.

## FACTS

NISA, a lobbying organization based in Silver Spring, Maryland, represents the industrial sand industry before Congress and federal agencies. NISA's members are primarily companies supplying silica sand to employers for abrasive blasting. Plaintiffs, former sandblasters who have contracted silicosis, brought three products liability lawsuits in Odessa, Texas, all alleging identical conspiracy claims against NISA. Plaintiffs' theory is that NISA,

along with defendants Lone Star Industries, Inc. and Texas Mining Company, conspired to defeat the public health movement to ban high silica-containing abrasives, to suppress education on the dangers of blasting with high-silica abrasives and that this conspiracy proximately resulted in plaintiffs' silicosis.

NISA filed its special appearance under TEX.R.CIV.P. 120a, urging it had insufficient contacts with Texas to bring it within the long-arm statute: it has no registered agent in Texas; it engages in no business in Texas; has no place of business or employees in Texas; and it argued that subjecting it to Texas jurisdiction would offend traditional notions of fair play and substantial justice. Plaintiffs countered by arguing that NISA and its Texas members conspired to prevent a ban on high-silica abrasives throughout the United States, and that NISA should have known that its conduct would effect Texans. NISA collected dues from at least one Texas member, and used the money to fund a study on the effects of breathing silica dust. NISA played a role in developing warnings eventually placed upon bags of silica sand disseminated in Texas.

The trial court denied NISA's special appearance. NISA seeks mandamus relief in this Court, urging that it has no adequate remedy by appeal because forcing it to defend itself throughout protracted litigation would be a violation of its due process rights.

## ADEQUATE REMEDY BY APPEAL

■ The denial of a special appearance is interlocutory and not subject to immediate appeal. *Carpenter Body Works, Inc. v. McCulley*, 389 S.W.2d 331, 332 (Tex.Civ. App.—Houston 1965, writ ref'd), *cert. denied*, 382 U.S. 979, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966). In determining a special appearance, the trial court may consider the pleadings, affidavits, discovery responses and testimony of the parties. TEX.R.CIV.P. 120a. The trial court thus makes a mixed decision of law and fact in deciding every special appearance, which is each unique in the interplay among defendant, forum state and litigation.

■ Mandamus, in contrast, is an extraordinary remedy available in limited circumstances and should issue only to correct a clear abuse of discretion or to enforce a duty imposed by law when there is no adequate remedy by appeal. Inadequacy of appeal is a fundamental requirement in mandamus proceedings. *Walker v. Packer*, 827 S.W.2d 833 (Tex.1992). Parties may not use mandamus as a form of interlocutory appeal. *Transportes Aereos Nacionales v. Downey*, 817 S.W.2d 393, 395 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding). We do not issue mandamus to supervise or correct a trial judge's incidental rulings where there is an adequate remedy by appeal. *Bell Helicopter Textron Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990, orig. proceeding). The cost and delay of litigation alone does not render appeal an inadequate remedy requiring mandamus relief. *Bell Helicopter*, 787 S.W.2d at 955; *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

■ We hold that a trial court's ruling on a special appearance is, usually, an incidental pretrial matter not subject to mandamus relief. We conclude that relator here has an adequate remedy by appeal, and that it has presented us with no compelling factors which would take it outside the general rule. In so holding, we join the Dallas Court of Appeals, which recently voiced the same opinion in *N.H. Helicopters, Inc. v. Brown*, 841 S.W.2d 424, 426 (Tex.App.—Dallas 1992, orig. proceeding), and we decline to follow the Amarillo Court of Appeals' conclusion to the contrary in *Laykin v. McFall*, 830 S.W.2d 266 (Tex. App.—Amarillo 1992, orig. proceeding).

## CONCLUSION

National Industrial Sand Association has an adequate remedy by appeal. We deny leave to file the petition for writ of mandamus.