In re WESTERN AIRCRAFT, INC.

**In re Nozaki America, Inc., Relators.**

Nos. 04–99–00001–CV, 04–99–00165–CV.

Court of Appeals of Texas, San Antonio.

June 23, 1999.

David M. Prichard, Laura Flores Macom, Jeffrey S. Hawkins, Ryan G. Anderson, Ball & Weed, P.C., San Antonio, Charles H. Smith, John W. Moore, April F. Robbins, Smith & Moore, L.L.P., Dallas, for appellant.

Michael J. Maloney, Maloney, Martin & Mitchell, L.L.P., Houston, Cynthia L. Muniz-Berain, Rodriguez & Muniz-Berain, P.C., Eagle Pass, Thomas R. Ajamie, David Mark Goldberg, Andrew C, Schirrmeister, Schirrmeister Ajamie, L.L.P., Houston, for appellee.

Sitting: ALMA L. LÓPEZ, Justice PAUL W. GREEN, Justice KAREN ANGELINi, Justice.

### OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Relators are defendants in wrongful death and survivorship litigation stemming from a commercial airplane crash near Piedras Negras, Mexico. Real parties, the plaintiffs below, filed suit in Eagle Pass, Maverick County, Texas. As all of the plaintiffs are Mexican citizens, though some reside in Texas, and none of the defendants have their principal place of business in Texas, relators filed motions to

dismiss based on the doctrine of *forum non conveniens*. Alternatively, relators moved to apply Mexican law to the case. Following a hearing, the trial court denied Western Airlines's motion to dismiss and ruled that Texas law would apply. Two months later, the court ruled against Nozaki's similar motion. Both defendants filed separate petitions for writs of mandamus and this Court granted their motion to consolidate the proceedings.

### THE STANDARD OF REVIEW

■ To grant relief in this proceeding, the Court must find a clear abuse of discretion and that the relators do not have an adequate remedy on appeal. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992). A review of Texas cases from 1991 to 1999 yields only three cases where the mandamus proceeding or the appeal dealt with the denial of a motion to dismiss for *forum non conveniens*. All found that the trial court had not abused its discretion to retain the litigation. The trial court has a great deal of discretion to retain a case over which it has personal and subject matter jurisdiction on its docket. *See In re Smith Barney*, 975 S.W.2d 593 (Tex. 1998, orig. proceeding); *Yavapai–Apache Tribe v. Mejia*, 906 S.W.2d 152 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Ismail v. Ismail*, 702 S.W.2d 216 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Three other cases where the dismissal was granted have been reversed on appeal. These cases all arose prior to the Legislature passing a statute concerning this common law doctrine in 1993. *See 21 International Holdings, Inc. v. Westinghouse Elec. Corp.*, 856 S.W.2d 479 (Tex. App.—San Antonio 1993, no writ)(disapproved in *In re Smith Barney, supra*); *Exxon Corp. v. Choo*, 881 S.W.2d 301 (Tex. 1994)(affirming court of appeals' reversal of dismissal); *Sarieddine v. Moussa*, 820 S.W.2d 837 (Tex. App.—Dallas 1991, writ denied).

In this proceeding, we do not find it necessary to engage in a complex analysis of the numerous factors a trial court considers in balancing the pros and cons of the choice of forum or the choice of law. We move, instead, to the second requirement for entertaining a mandamus petition, and find that relators have an adequate remedy on appeal.

### THE ADEQUACY OF APPEAL

■ *Forum non conveniens* presents a procedural matter akin to a venue ruling and incidental to the trial process. In *American Dredging Co. v. Miller*, the United States Supreme Court stated:

> At bottom, the doctrine of *forum non conveniens* is nothing more or less than a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined. But venue is a matter that goes to process rather than substantive rights—determining which among various competent courts will decide the case.

510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *see also Polaris Investment Management Corp. v. Abascal*, 892 S.W.2d 860 (Tex.1995, orig.proceeding) (objection to venue ruling had adequate remedy by appeal); *Montalvo v. Fourth Court of Appeals*, 917 S.W.2d 1, 2 (Tex. 1995, orig.proceeding) (objection to expediting discovery schedule for venue hearing had adequate remedy on appeal).

To be entitled to a writ, relators must demonstrate that the adverse ruling on *forum non conveniens* places them in the position of permanently losing a substantive right. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994). Relators do not do so. They argue, instead, that Mexico provides a more proper forum. Nor do the cases relators cite on this issue demonstrate substantial rights loss in this case. *CSR, Ltd. v. Link*, 925 S.W.2d 591 (Tex.1996) and *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769 (Tex.1995) concern special appearance rulings, a matter of the court's personal

jurisdiction over a defendant. In this case, the relators either did not contest personal jurisdiction or waived their motion for special appearance. Moreover, these cases were decided before the 1997 statutory amendment, which created an interlocutory remedy other than mandamus when a trial court grants or denies a special appearance. When an interlocutory appeal is available, the "extraordinary circumstances" dictating mandamus relief from the denial of a special appearance usually will not be present if the interlocutory appeal is an adequate remedy. *See Raymond Overseas Holding, Ltd. v. Curry*, 955 S.W.2d 470, 471 (Tex.App.—Fort Worth 1997).

In *United Mexican States v. Ashley*, 556 S.W.2d 784 (Tex.1977), the Mexican government was a party defendant in the underlying suit and sought to protect its sovereignty immunity through a mandamus proceeding. No Mexican governmental entity is a party defendant to the Maverick County suit and, although relators argued that Mexican sovereignty is at stake, we do not find such extraordinary circumstances demonstrated here. Western argued that, by treaty, the United States recognizes Mexico's control over its airspace and the regulation of its airline industry. Relators do not demonstrate how a judgment rendered by a Texas court in this case would have any effect at all on Mexico's airspace or its airline regulations.

Likewise, Western presents only conclusions that the trial court had no discretion when ruling on the choice of law. Although there is very little Texas law with which to analyze the adequacy of appeal on a choice of law ruling, we agree with the Houston Court of Appeals that this is another incidental ruling for which relators must seek their remedy by appeal. *See Transportes Aereos Nacionales, S.A. v.*

*Downey*, 817 S.W.2d 393 (Tex.App.—Houston [1st Dist.] 1991, orig. proceeding) (subsequent petition to Sup.Ct. dismissed).

The petitions of relators for mandamus relief are denied because they have failed to demonstrate an inadequate remedy on appeal. Real parties' motion for sanctions is denied.

Concurring opinion by: PAUL W. GREEN, Justice.

I concur in the outcome, but only very reluctantly. My concern is that relators actually have no adequate remedy by appeal.

In this mandamus action, the majority likens a *forum non conveniens* denial to a venue ruling. And the supreme court has repeatedly told us that the denial of motion to transfer venue is merely an incidental trial ruling which, if erroneous, is correctable on appeal. *But see In re Masonite Corp.*, 997 S.W.2d 194 (Tex.1999). But when it is asserted that the proper forum is a foreign country, a trial court's erroneous denial of a motion to dismiss has much broader implications than a venue ruling. Appeal cannot be an adequate remedy when the case should not have to be tried at all.

When it is clear this country has no legitimate connection to events occurring in a foreign country, our courts should decline to accept jurisdiction of cases that arise out of those events.[1] There are virtually no facts in this case that favor invoking the jurisdiction of the federal or state courts in this country. A Mexican commercial airliner, whose pilot and passengers were all Mexican citizens, crashed in Mexico while on a flight between two Mexican cities. All the plaintiffs are Mexican

---

1. As Justice Hecht has noted: "The rule of forum non conveniens, properly used, does not prohibit a court from entertaining a case it ought to hear. Rather, it protects courts from being compelled to hear cases when doing so would be fundamentally unfair to the defendants or the public or both." *In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 (Tex.1998)(quoting from his dissent in *Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674, 707 (Tex.1990)).

citizens and all the physical evidence and witnesses are located in Mexico. Relators are involved only to the extent that one is the owner and lessor of the aircraft and the other brokered the lease of the aircraft to the Mexican operator. Neither relator has its principal place of business in Texas.

In light of the above, relators make a good case that it was an abuse of discretion for the trial court to refuse to grant the motion to dismiss. It is fundamentally unfair to require these relators to defend themselves in a trial, even if successful. To have to wait for an appellate remedy simply compounds the unfairness. It is also unfair to the State and those litigants who rightfully seek relief in the Maverick County courts that scarce court resources will be needlessly preempted, and to those hard working citizen-jurors of Maverick County who will be required to sit through a lengthy and complex case that has no relationship at all to their community or their country.

Without relief, relators will also be subject to extraordinary difficulty and undue expense associated with trying to prepare a case for trial in this country in connection with events that occurred in another country. While it is conceded that some cases may go to trial under these circumstances, I daresay those cases do not involve matters and issues as remote to the forum as exist in this case.

Nonetheless, the legislature has not provided an interlocutory appeal for the denial of a *forum non conveniens* motion to dismiss; mandamus is the only possible avenue of interlocutory relief. And because the supreme court has indicated that in mandamus actions *forum non conveniens* cases should be treated like venue cases, the majority denies relief on the basis that there is an adequate remedy by appeal.

I concur in the majority's ruling only because I feel constrained by what appears to be the supreme court's intent on the issue. If relief is to be afforded to these relators or future litigants facing similar facts, the supreme court or the legislature will have to provide the mechanism.