No. 04-99-00001-CV


(consolidated with 04-99-00165-CV)



IN RE WESTERN AIRCRAFT, INC. 


and 


In re Nozaki America, Inc.,


Relators



From the 365th Judicial District Court, Maverick County, Texas


Trial Court No. 96-11-14123-CV & 97-10-14819-CV


Honorable Amado Abascal, III, Judge Presiding



Opinion by: Alma L. López, Justice

Concurring opinion by: Paul W. Green, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: June 23, 1999


PETITION FOR WRIT OF MANDAMUS DENIED


 Relators are defendants in wrongful death and survivorship litigation stemming from a
commercial airplane crash near Piedras Negras, Mexico. Real parties, the plaintiffs below, filed suit
in Eagle Pass, Maverick County, Texas. As all of the plaintiffs are Mexican citizens, though some
reside in Texas, and none of the defendants have their principal place of business in Texas, relators
filed motions to dismiss based on the doctrine of forum non conveniens. Alternatively, relators
moved to apply Mexican law to the case. Following a hearing, the trial court denied Western
Airlines's motion to dismiss and ruled that Texas law would apply. Two months later, the court ruled
against Nozaki's similar motion. Both defendants filed separate petitions for writs of mandamus and
this Court granted their motion to consolidate the proceedings.

The Standard of Review


 To grant relief in this proceeding, the Court must find a clear abuse of discretion and that the
relators do not have an adequate remedy on appeal. Walker v. Packer, 827 S.W.2d 833, 842 (Tex.
1992). A review of Texas cases from 1991 to 1999 yields only three cases where the mandamus
proceeding or the appeal dealt with the denial of a motion to dismiss for forum non conveniens. All
found that the trial court had not abused its discretion to retain the litigation. The trial court has a
great deal of discretion to retain a case over which it has personal and subject matter jurisdiction on
its docket. See In re Smith Barney, 975 S.W.2d 593 (Tex. 1998, orig. proceeding); Yavapai-Apache
Tribe v. Mejia, 906 S.W.2d 152 (Tex. App.--Houston [14th Dist.] 1995, orig. proceeding); Ismail
v. Ismail, 702 S.W.2d 216 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.). Three other cases
where the dismissal was granted have been reversed on appeal. These cases all arose prior to the
Legislature passing a statute concerning this common law doctrine in 1993. See 21 International
Holdings, Inc. v. Westinghouse Elec. Corp., 856 S.W.2d 479 (Tex. App.--San Antonio 1993, no
writ)(disapproved in In re Smith Barney, supra); Exxon Corp. v. Choo, 881 S.W.2d 301(Tex.
1994)(affirming court of appeals' reversal of dismissal); Sarieddine v. Moussa, 820 S.W.2d 837
(Tex. App.--Dallas 1991, writ denied).

 In this proceeding, we do not find it necessary to engage in a complex analysis of the
numerous factors a trial court considers in balancing the pros and cons of the choice of forum or the
choice of law. We move, instead, to the second requirement for entertaining a mandamus petition,
and find that relators have an adequate remedy on appeal.

The Adequacy of Appeal


 Forum non conveniens presents a procedural matter akin to a venue ruling and incidental to
the trial process. In American Dredging Co. v. Miller, the United States Supreme Court stated:

 At bottom, the doctrine of forum non conveniens is nothing more or less than a
supervening venue provision, permitting displacement of the ordinary rules of venue
when, in light of certain conditions, the trial court thinks that jurisdiction ought to be
declined. But venue is a matter that goes to process rather than substantive rights --
determining which among various competent courts will decide the case.


510 U.S. 443, 453 (1994); see also Polaris Investment Management Corp. v. Abascal, 892 S.W.2d
860 (Tex. 1995, orig. proceeding) (objection to venue ruling had adequate remedy by appeal);
Montalvo v. Fourth Court of Appeals, 917 S.W.2d 1, 2 (Tex. 1995, orig. proceeding) (objection to
expediting discovery schedule for venue hearing had adequate remedy on appeal).

 To be entitled to a writ, relators must demonstrate that the adverse ruling on forum non
conveniens places them in the position of permanently losing a substantive right. Canadian
Helicopters, Inc. v. Wittig, 876 S.W.2d 304, 306 (Tex. 1994). Relators do not do so. They argue,
instead, that Mexico provides a more proper forum. Nor do the cases relators cite on this issue
demonstrate substantial rights loss in this case. CSR, Ltd. v. Link, 925 S.W.2d 591 (Tex. 1996) and
National Indus. Sand Ass'n v. Gibson, 897 S.W.2d 769 (Tex.1995) concern special appearance
rulings, a matter of the court's personal jurisdiction over a defendant. In this case, the relators either
did not contest personal jurisdiction or waived their motion for special appearance. Moreover, these
cases were decided before the 1997 statutory amendment, which created an interlocutory remedy
other than mandamus when a trial court grants or denies a special appearance. When an interlocutory
appeal is available, the "extraordinary circumstances" dictating mandamus relief from the denial of
a special appearance usually will not be present if the interlocutory appeal is an adequate remedy.
 See Raymond Overseas Holding, Ltd. v. Curry, 955 S.W.2d 470, 471(Tex. App.--Fort Worth 1997).

 In United Mexican States v. Ashley, 556 S.W.2d 784 (Tex. 1977), the Mexican government
was a party defendant in the underlying suit and sought to protect its sovereignty immunity through
a mandamus proceeding. No Mexican governmental entity is a party defendant to the Maverick
County suit and, although relators argued that Mexican sovereignty is at stake, we do not find such
extraordinary circumstances demonstrated here. Western argued that, by treaty, the United States
recognizes Mexico's control over its airspace and the regulation of its airline industry. Relators do
not demonstrate how a judgment rendered by a Texas court in this case would have any effect at all
on Mexico's airspace or its airline regulations.

 Likewise, Western presents only conclusions that the trial court had no discretion when ruling
on the choice of law. Although there is very little Texas law with which to analyze the adequacy of
appeal on a choice of law ruling, we agree with the Houston Court of Appeals that this is another
incidental ruling for which relators must seek their remedy by appeal. See Transportes Aeros
Nacionales, S.A. v. Downey, 817 S.W.2d 393 (Tex. App.--Houston [1st Dist.] 1991, orig.
proceeding) (subsequent petition to Sup. Ct. dismissed).

 The petitions of relators for mandamus relief are denied because they have failed to
demonstrate an inadequate remedy on appeal. Real parties' motion for sanctions is denied.


 Justice Alma L. López

PUBLISH