Memorandum
Opinion Issued August 20, 2009 Withdrawn; Motion for Rehearing Overruled; Petition
for Writ of Mandamus Denied; and Memorandum Opinion filed October 1, 2009.

In
The

Fourteenth
Court of Appeals

No.
14-09-00656-CV

In Re Robert V. Holland, Jr.,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
OPINION ON REHEARING

Relator’s motion for rehearing is overruled.  The
memorandum opinion issued on August 20, 2009, is withdrawn.  This memorandum
opinion is substituted in its place. 

On July 28, 2009, relator, Robert V. Holland, Jr.,
filed a petition for writ of mandamus in this Court.  See Tex. Gov’t
Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the
petition, relator seeks to compel the Honorable Patricia Hancock, presiding
judge of the 113th District Court of Harris County, to set aside the July 6,
2009 temporary injunction order.  We deny the petition.

Background

On June 24, 2002, the Alkers obtained a final
judgment against relator in the 113th District Court of Harris County. 
Including accrued interest, the amount owed to the Alkers pursuant to the
judgment is $417,125.97.  On October 6, 2003, the trial court entered a
turnover order.  On April 6, 2005, the trial court entered another turnover
order, appointing Scott Mitchell as the receiver, directing the receiver to
take possession and control of relator=s
non-exempt tangible and intangible property, sell such property, and pay the
proceeds to the Alkers up to the amount of the unpaid judgment.  

In 2003, relator filed the probate the will of his
mother, Pauline Roe Holland, in Coke County, Texas.  Relator is a potential
beneficiary and was appointed executor.  The estate is still being probated. 
On October 3, 2005, the trial court ordered relator to execute written
assignments of his interest in the estate of Pauline Roe Holland and the
Holland Family Limited Partnership to the receiver.  On August 13, 2007,
under threat of contempt of court, relator signed the assignments.  The trial
court declared that each assignment was effective April 6, 2005.  

The receiver filed an application for the
distribution of estate property, a motion to remove the executor, and a motion
to close the estate administration in the 51st District Court in Coke County. 
The motions were set for a hearing on July 8, 2009, but that hearing has been
reset for September 29, 2009.  

On June 29, 2009, relator filed two revocations of
assignment of interest in the 51st District Court, revoking the receiver=s assignments.  Relator
also filed two assignments of interest to relator=s
daughter, dated April 5, 2005Cone
day earlier than the receiver=s
assignments.  

On July 2, 2009, the receiver attempted to notify
relator of a hearing on his request for a temporary injunction by fax, but
relator did not receive the notice because he was moving his office.  On July
6, 2009, relator received a copy of the receiver=s
application for a temporary and permanent injunction that it would be heard in
the 113th District Court that afternoon.  Relator notified the trial court that
the notice was not sufficient and he would not be available.  

On July 6, 2009, the trial court signed the temporary
order.  The trial court found that relator had taken actions that are
interfering with the trial court=s
jurisdiction and the receiver=s
ability to perform his court-mandated duties.  The temporary injunction
declared that the revocation of receiver=s
assignments and the purported assignments to relator=s daughter are null, void, and of no effect. 
The temporary injunction restrains relator from violating the trial court=s orders and the receiver=s duties to clear title to
the estate assets and to sell those assets to satisfy the judgment.  Trial on
the permanent injunction is set for November 3, 2009, in the 113th District
Court.  

Analysis

To be entitled to the extraordinary relief of a writ
of mandamus, a relator must show that the trial court clearly abused its
discretion and he has no adequate remedy by appeal.  In re Team Rocket, L.P.,
256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). Mandamus may not be used as
a form of interlocutory appeal.  N.H. Helicopters, Inc. v. Brown, 841
S.W.2d 424, 425 (Tex. App.—Dallas 1992, orig. proceeding).  Section
51.014(a)(4) specifically provides for an interlocutory appeal from an order
granting a temporary injunction.  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(4).  An interlocutory appeal provides an adequate remedy.  See In
re Henry, 274 S.W.3d 185, 189 n.2 (Tex. App.—Houston [1st Dist.] 2008, orig.
proceeding) (“Because Henry had an adequate remedy by appeal of the temporary
injunction, mandamus was not appropriate as to the temporary injunction, and we
denied mandamus as to the TRO.”).  

Relator, however, argues that he does not have an
adequate remedy by appeal in this case because the court of appeals will not be
able to hear an interlocutory appeal of the temporary injunction before trial
scheduled for September 29, 2009, in Coke County.  Relator asserts that he
cannot prepare his defense in the Coke County case because the temporary
injunction prohibits him from (1) challenging the receiver’s assignments; (2)
alleging and proving the trial court did not have the right to order the
assignments under threat of contempt; (3) challenging the altered effect date
on the receiver’s assignments; (4) arguing that the receiver is not a proper
beneficiary; and (5) arguing that the receiver’s assignments were properly
revoked.  

However, Rule 29.3 of the Texas Rules of Appellate
Procedure allows a party appealing interlocutory orders to seek temporary
relief pending disposition of the accelerated appeal.  See Tex. R. App.
P. 29.3 (“When an appeal from an interlocutory order is perfected, the
appellate court may make any temporary orders necessary to preserve the
parties’ rights until disposition of the appeal and may require appropriate
security.”).  Therefore, the availability of temporary relief pending an
interlocutory appeal provides an adequate remedy by appeal.  See In re
Autonation, No. 14-05-00362-CV, 2005 WL 914182, at *1 (Tex. App.—Houston
[14th Dist.] Apr. 15, 2005, orig. proceeding) (mem. op.), mand. granted on
other grounds, 228 S.W.3d 663 (Tex. 2007) (“Relators have not sought
temporary relief under this rule, but the availability of temporary relief on
[interlocutory] appeal is sufficient to establish that relator’s remedy by
appeal is adequate.”).[1] 


Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus.  

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and
Frost.

 









[1] 
In our August 20, 2009 opinion, we also denied relator’s petition because it
did not comply with the Texas Rules of Appellate Procedure.  See Tex. R.
App. P. 52.3(k); 52.7(a).  Relator cured these deficiencies on rehearing.