

## NUMBER 13-14-00222-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE GONZALEZ TRUCKING S.A. DE C.V.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

This is a personal injury lawsuit that arose from a vehicular collision that occurred on the Texas side of the Pharr-Reynosa International Bridge. By petition for writ of mandamus, Gonzalez Trucking S.A. de C.V. ("Gonzalez Trucking"), contends that the trial court abused its discretion in denying its motion to dismiss on forum non conveniens grounds and alternative motion for the application of foreign law. The Court requested and received a response to the petition for writ of mandamus from the real parties in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *Id.* R. 47.4 (distinguishing opinions and memorandum opinions).

interest, Jose De La Rosa Lucio and Marta Elba Montoya, individually and as personal representatives of the estate of Gerardo de la Rosa Montoya, and has received a reply thereto from relator. Transportes Loro, S.A. de C.V. and Omar Estrada Adame filed a response to the petition for writ of mandamus stating that they "agree with and adopt fully by reference" the petition and join in Gonzalez Trucking's request for relief.

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief is available, if it is otherwise warranted. *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 923–24 (Tex. 2010) (orig. proceeding); *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding). In contrast, a choice of law ruling is an incidental ruling for which there is an adequate remedy by appeal. *See In re W. Aircraft, Inc.*, 2 S.W.3d 382, 384 (Tex. App.—San Antonio 1999, orig. proceeding [mand. denied]); *Transportes Aereos Nacionales, S.A. v. Downey*, 817 S.W.2d 393, 395 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding [mand. dism'd]).

The Court, having examined and fully considered the petition for writ of mandamus, the responses, and the reply, is of the opinion that Gonzalez Trucking has not met its burden to show itself entitled to the relief sought. Accordingly, we lift the stay that was previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or

2

modified, an order granting temporary relief is effective until the case is finally decided.").

We deny the petition for writ of mandamus.  *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
30th day of May, 2014.