**W. Scott CLARK, Relator,**

v.

**Royal RUSSELL and Gulf States Energy Corporation, Respondent.**

No. 23457.

Court of Civil Appeals of Texas, Dallas.

Dec. 3, 1979.

W. Scott Clark, Fort Worth, for relator.

Robert H. Osburn, Dallas, for respondent.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

W. Scott Clark, defendant in the trial court, desires to appeal from an order overruling his plea of privilege. His request to the district clerk to prepare the transcript was denied on the ground that the twenty

days prescribed by Rule 385, Tex.R.Civ.P., for perfecting the appeal and filing the record had already expired. He files here a "Motion to Compel Transmission of Transcript," praying that we order the district clerk to transmit the transcript to our clerk. We treat this motion as a petition for writ of mandamus against the district clerk under article 1823, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). So considered, the motion is overruled because we agree with the clerk that the request for the transcript was late.

 Clark advances two excuses for his failure to make an earlier request. First, he argues that after the order overruling the plea of privilege was signed, he filed an "exception" to the order, which the court never ruled on, requesting the judge to amend the order by specifying the ground of the decision. Consequently, he argues, he could not determine when the time began to run. This argument is without merit. In an appeal from an interlocutory order, nothing filed after the order is signed can have the effect of delaying the time for appeal. Rule 385(e) expressly provides that there shall be no motion for new trial and that the trial judge need not file findings of fact or conclusions of law. We know of no authority supporting Clark's contention that the filing of this "exception" had the effect of extending his time for filing the record.

 Clark's second excuse is that he requested the district clerk to advise him the amount of the cost bond and that the clerk failed to respond. He attached to his motion a letter to the district clerk in which he says, "Please advise the amount of the bond." We hold that the district clerk had no duty to respond to this letter because he had no authority to fix the amount of the bond. The amount is fixed by Rule 354(a), Tex.R.Civ.P., which requires the appellant to execute a bond in the amount of $500 unless the court fixes a different amount on motion of either party.

Neither can the delay be excused on the theory that the district clerk had a duty to determine the amount of the cash deposit required in lieu of bond. Rule 354(a) further provides that in lieu of a bond the appellant "may deposit with the clerk cash in an amount determined by the clerk to be sufficient to cover the estimated costs in the trial court and the cost of the statement of facts and transcript, less such sums as have been paid by appellant on the costs." Even if appellant's letter to the district clerk could be interpreted as a request to determine the amount of the deposit, the clerk's failure to respond to such request would not extend the time for appeal in the absence of a motion for extension filed within the five-day period allowed by Rule 385(b). Clark could still have filed a $500 bond within the twenty-day period, and if he did not wish to file a bond, he should have made another attempt to determine from the clerk the amount of the deposit required. In any event, Rule 385 does not permit him to wait until after the twenty-day period has expired to perfect his appeal and file his record.

The "Motion to Compel Transmission of Transcript" is overruled.