**RAYMOND OVERSEAS HOLDING, LTD., Walter Rogers, and Brassica, Ltd., Relators,**

v.

**Hon. Ken CURRY, Judge, 153rd District Court, Tarrant County, Texas, Respondent.**

No. 2–97–199–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 4, 1997.

Shannon, Gracey, Ratliff & Miller, L.L.P., Anne Gardner, R.H. Wallace, Jr., Janie L. Frank, Steven J. Graham, Fort Worth, for Relators.

Brian S. Riepen, Dallas, Howell, Dorman, Anderson, Berg, & Smyer, Cary Dorman, Fort Worth, for Respondent.

Before LIVINGSTON, DAUPHINOT and RICHARDS, JJ.

## OPINION ON REHEARING

LIVINGSTON, Justice.

On June 23, 1997, the trial court denied a special appearance filed by relators Raymond Overseas Holding, Ltd., Walter Rogers, and Brassica, Ltd. (collectively "Raymond Overseas"). Raymond Overseas filed a motion for leave to file a petition for writ of mandamus, and on July 31, we granted the motion for leave to file and stayed the effect of the denial order. After hearing oral submissions, we dismissed the petition as improvidently granted. *See Raymond Overseas Holding, Ltd. v. Curry,* No. 2–97–199–CV (Tex.App.—Fort Worth Aug.21, 1997, orig. proceeding) (not designated for publication). Raymond Overseas has filed a motion for rehearing, requesting that we construe its mandamus petition as an interlocutory appeal. For the following reasons, we deny Raymond Overseas's motion for rehearing.

■ The Texas Legislature recently amended the Civil Practice and Remedies Code to provide for an interlocutory appeal from the grant or denial of a special appearance. *See* Act of May 27, 1997, 75th Leg., R.S., ch. 1296, 1997 Tex. Sess. Law Serv. 4936 (Vernon) (to be codified as an amendment to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014). This amendment was effective June 20, 1997. *See id.* at 4937.

In the past, the Texas Supreme Court has held that mandamus is the appropriate remedy to complain of the denial of a special appearance. *See, e.g., CSR Ltd. v. Link,* 925 S.W.2d 591, 596–97 (Tex.1996) (orig.proceeding) (allowing mandamus relief from denial of special appearance in mass tort case because of "extraordinary circumstances," which make mandamus the "most prudent use of judicial resources"); *National Indus. Sand Ass'n v. Gibson,* 897 S.W.2d 769, 771 (Tex. 1995) (orig.proceeding) (holding appeal remedy inadequate when trial court's assertion of personal jurisdiction is clearly incorrect and irreparably harms relator). But these cases were decided before the 1997 statutory amendment, which created an interlocutory remedy other than mandamus when a trial court grants or denies a special appearance.

■ When an interlocutory appeal is available, the "extraordinary circumstances" dictating mandamus relief from the denial of a special appearance usually will not be present if the interlocutory appeal is an adequate remedy. *Cf. Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding) (holding mandamus will issue only if remedy at law is inadequate). In this case, we find that an interlocutory appeal would have afforded Raymond Overseas an adequate remedy. Accordingly, mandamus was not appropriate.

■ Raymond Overseas argues, however, that if their appropriate remedy was by interlocutory appeal, we should construe their mandamus petition as an interlocutory appeal. To properly perfect an interlocutory appeal, Raymond Overseas had to file a cost bond within 20 days after the trial court signed the order, i.e., by July 14. *See* TEX. R.APP. P. 42(a)(3), 49 TEX. B.J. 566 (Tex.1986, revised 1997) (currently TEX.R.APP. P. 26.1(b)). Raymond Overseas did not properly perfect an interlocutory appeal. Without a proper perfecting instrument, we have no jurisdiction.

Raymond Overseas cites us to cases where appellate courts have construed certain filings, such as writs of habeas corpus, as writs of mandamus. *See, e.g., Chapman v. Evans,*

744 S.W.2d 133, 135 n. 1 (Tex.Crim.App.1988) (orig.proceeding); *Broggi v. Curry*, 571 S.W.2d 940, 940 (Tex.Crim.App.1978) (orig.proceeding); *Clark v. Russell*, 590 S.W.2d 651, 652 (Tex.Civ.App.—Dallas 1979, orig. proceeding). However, none of these cases construes an original proceeding to be an appeal. Further, even if we were to treat this action as an appeal, we would have no jurisdiction over it because it was not properly perfected and a mandamus action is not a "bona fide attempt" to perfect an interlocutory appeal. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994).

Accordingly, we deny Raymond Overseas's motion for rehearing and reaffirm our prior dismissal of its mandamus petition.