*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-09-00101-CV

Victor Manuel **RODRIGUEZ**,
Appellant

v.

Lydia Esther **RODRIGUEZ**,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 07-04-22506-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: March 10, 2010

REVERSED AND REMANDED

The sole issue presented in this appeal from a final divorce decree is whether the trial court abused its discretion in denying a plea in abatement. Victor asserts the trial court abused its discretion in denying his plea because a court in Denton County had dominant jurisdiction over the divorce proceedings. We reverse the final divorce decree and remand the cause for further proceedings.

## BACKGROUND

In April of 2005, Victor filed a petition for divorce from Lydia Esther Rodriguez in Denton County. In August of 2005, Lydia answered and filed a counterpetition for divorce. Victor and Lydia have two children, who were the subject of temporary orders.

In April of 2007, while the divorce was still pending in Denton County, Victor filed a lawsuit in Maverick County against Lydia and various other defendants. Victor asserted numerous common law tort claims and a claim for interference with possessory rights pursuant to Chapter 42 of the Texas Family Code. The claim under Chapter 42 was based on the temporary orders issued by the Denton County court.

After Lydia filed a counterclaim for divorce in the Maverick County lawsuit, Victor filed a plea in abatement, asserting Denton County had dominant jurisdiction to consider the divorce proceedings. Lydia responded that Victor's filing of the lawsuit in Maverick County estopped him from asserting that Denton County had dominant jurisdiction. The Maverick County court denied Victor's plea in abatement. Victor filed this appeal challenging the denial of the plea after the Maverick County court signed a final divorce decree.

## DISCUSSION

A trial court's ruling on a motion to abate is reviewed under an abuse of discretion standard. *French v. Gilbert*, No. 01-07-00186-CV, 2008 WL 5003740, at *4 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (mem. op.); *Hartley v. Coker*, 843 S.W.2d 743, 748 (Tex. App.—Corpus Christi 1992, no writ). As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *In re Sims*, 88 S.W.3d 297, 303 (Tex.

App.—San Antonio 2002, orig. proceeding). Estoppel, however, is a long-established exception to the general rule of dominant jurisdiction. *In re Henry*, 274 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]). Under this exception, a plaintiff who filed the first suit may be estopped from asserting the dominant jurisdiction of the first court if the plaintiff is guilty of inequitable conduct. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974); *In re Henry*, 274 S.W.3d at 190-91. If raised, estoppel is a fact issue that must be determined by the trial court where the plea in abatement is filed. *Curtis*, 511 S.W.2d at 267; *In re Henry*, 274 S.W.3d at 191.

A party may be estopped from raising the dominant jurisdiction of a prior action by a variety of conduct. *Sweezy Construction, Inc. v. Murray*, 915 S.W.2d 527, 532 (Tex. App.—Corpus Christi 1995, orig. proceeding [leave denied]). For example, Texas courts have found parties guilty of inequitable conduct and have applied the estoppel exception where the plaintiffs in the first-filed suit: (1) filed suit merely to obtain priority, without a bona fide intention to prosecute the suit; or (2) prevented their adversaries from filing first by fraudulently representing that they would settle. *Curtis*, 511 S.W.2d at 267; *In re Henry*, 274 S.W.3d at 191. In another case, a Texas court found a plaintiff, who filed the same lawsuit in two different trial courts, was estopped from asserting the dominant jurisdiction of the trial court where he first filed suit because he: (1) sought mandamus relief to compel the trial court with the second-filed case to hold a hearing; and (2) expressly represented in the mandamus petition that the trial court with the second-filed case conclusively obtained jurisdiction of the cause of action. *Howell v. Mauzy*, 899 S.W.2d 690, 698 (Tex. App.—Austin 1994, writ denied).

In the instant case, the only ground asserted by Lydia as a basis to estop Victor from asserting Denton County's dominant jurisdiction was his filing of the Maverick County lawsuit which Lydia

asserted involved "the very same factual issues that were pending in his previously-filed Denton County Suit." In her response to Victor's plea in abatement, Lydia asserted, "In initiating the Maverick County proceeding, [Victor] not only subjected himself to and actively invoked the jurisdiction of [the Maverick County] [c]ourt, [but also] represented in his pleadings that [the Maverick County] [c]ourt had jurisdiction to administer the lawsuit." Thus, the issue presented to the trial court was whether Victor's filing of the Maverick County lawsuit made him guilty of such inequitable conduct as would estop him from relying on the Denton County lawsuit to abate the Maverick County lawsuit. *See Curtis*, 511 S.W.2d at 267.

One of the claims Victor asserted in the Maverick County lawsuit was a cause of action under Chapter 42 of the Texas Family Code for interference with possessory rights based on the temporary orders issued by the Denton County court. Chapter 42 establishes a statutory cause of action for damages against both: (1) a person who takes or retains possession of a child in violation of a possessory right of another person; and (2) a person who aids or assists the person in such conduct. TEX. FAM. CODE ANN. §§ 42.002, 42.003, 42.006 (Vernon 2008). "Possessory right" is defined as a court-ordered right of possession of or access to a child, and order is defined to include a temporary order of a Texas court. TEX. FAM. CODE ANN. § 42.001 (Vernon 2008). Section 42.008 expressly provides that the cause of action is in addition to any other civil or criminal remedy available. TEX. FAM. CODE ANN. § 42.008 (Vernon 2008). Finally, section 42.005 allows the suit to be filed in the county in which the defendant resides. TEX. FAM. CODE ANN. § 42.005 (Vernon Supp. 2009).

Given that Chapter 42 permitted Victor to file his claim for interference with possessory rights in Maverick County, the trial court abused its discretion in finding that the filing of the lawsuit made Victor guilty of such inequitable conduct as would estop him from asserting that Denton

County had dominant jurisdiction over the divorce proceedings. Therefore, the trial court erroneously denied the plea in abatement because Denton County, where the divorce proceeding was first filed, had dominant jurisdiction.[1] *See Curtis*, 511 S.W.2d at 267.

Because we must overturn the trial court's ruling on the plea in abatement, we must also reverse the final divorce decree which was signed after a jury found Lydia should be named sole managing conservator and Victor should not be named a possessory conservator. Although we appreciate that the reversal of the final divorce decree might appear inefficient and unfair, we are bound by existing legal precedent that mandates this result. *See V. D. Anderson Co. v. Young*, 101 S.W.2d 798, 801 (Tex. 1937) (noting denial of plea in abatement is interlocutory order and can be reviewed by appellate court after a final judgment is signed); *In re Matter of Marriage of Pharr*, 543 S.W.2d 433, 436 (Tex. Civ. App.—Corpus Christi 1976, no writ) (noting proper procedure for challenging denial of a plea in abatement is to appeal ruling after final judgment is signed by trial court).

## CONCLUSION

The final divorce decree is reversed, and the cause is remanded to the trial court for further proceedings.

Catherine Stone, Chief Justice

---

[1] We note that whenever a suit for the dissolution of a marriage is filed, the Texas Family Code mandates that any suit affecting the parent-child relationship involving children born or adopted of that marriage be joined with the dissolution suit or transferred to the court where the suit for the dissolution of the marriage is filed. TEX. FAM. CODE ANN. §§ 6.406-6.407 (Vernon Supp. 2009).