**Dismissed and Memorandum Opinion filed November 22, 2016.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00752-CV
_____

**FLEMING & ASSOCIATES, L.L.P. (N/K/A FLEMING, NOLEN & JEZ, L.L.P.) AND GEORGE FLEMING, Appellants**

**V.**

**CHARLES KIRKLIN, STEPHEN KIRKLIN, PAUL KIRKLIN AND THE KIRKLIN LAW FIRM, P.C., Appellees**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-53135**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment signed January 25, 2016. No post-judgment motion was filed. Appellants' notice of appeal was filed September 20, 2016. The notice of appeal must be filed within thirty days after the judgment is signed when appellant has not filed a timely post-judgment motion. *See* Tex. R. App. P. 26.1. Appellants' notice of appeal was not filed timely.

Accordingly, on November 8, 2016, notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellants timely responded and argued that they made a bona fide attempt to invoke this court's jurisdiction by filing a petition for writ of mandamus on February 10, 2016.

Citing *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013), appellants argue that the petition for writ of mandamus was a "timely filed document," which invoked this court's jurisdiction over this appeal. Consistent with the policy of applying rules of procedure liberally to reach the merits of the appeal whenever possible, a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *Id.* at 530–31. In *J.M.*, the appellant filed a document entitled motion for new trial, or "in the alternative, Notice of Appeal." *Id*. at 529. The Texas Supreme Court interpreted that instrument as sufficient to perfect the appeal because (1) nothing prevented an appellant from combining a motion for new trial and a notice of appeal in the same document, (2) the item "indicated that Spencer was attempting to invoke the appellate court's jurisdiction," (3) it stated that "Spencer 'wishe[d] to appeal this case to' the court of appeals," (4) "it was partly entitled a notice of appeal," and (5) "the notice of appeal portion addresses the appellate court." *Id*. at 530.

Unlike the situation in *J.M.*, the petition upon which appellants rely does not have in its title "notice of appeal," nor does it indicate a desire to appeal the trial court's ruling. In the mandamus petition, appellants complained about two orders from the trial court, one of which was the final judgment signed January 25, 2016. Appellants argued that in signing the January 25, 2016 judgment, the trial court acted outside its plenary power. This court denied appellants' petition. *In re*

*Fleming*, No. 14-16-00100-CV, 2016 WL 889351 (Tex. App.—Houston [14th Dist.] Mar. 8, 2016, orig. proceeding) (mem. op.).

Appellants cite cases in which appellate courts have construed certain filings as bona fide attempts to appeal. *See Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (defective notice of appeal, later corrected by amendment, was a bona fide attempt to file notice of appeal); *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994) (timely filed notice of appeal, later corrected to include cost bond, was bona fide attempt); *Grand Prairie I.S.D. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (same). However, in none of these cases does a court construe a petition for writ of mandamus as a bona fide attempt to appeal a final judgment. In today's case, the petition was filed more than six months before the notice of appeal. The petition for writ of mandamus invokes the court's original jurisdiction to entertain extraordinary writs. *See generally*, Tex. R. App. P. 52.1. A mandamus action is not a bona fide attempt to perfect an appeal. *Raymond Overseas Holdings, Ltd. v. Curry*, 955 S.W.2d 470, 472 (Tex. App.—Fort Worth 1997, no pet.).

Appellants' notice of appeal was due February 24, 2016. *See* Tex. R. App. P. 26.1. The last day appellants could file a motion for extension of time to file the notice of appeal was March 10, 2016. *See* Tex. R. App. P. 26.3 (providing a fifteen-day grace period after the deadline for filing the notice of appeal). Appellants filed their notice of appeal on September 20, 2016, well after the deadlines for filing the notice of appeal and motion for extension of time to file the notice of appeal had expired. *See* Tex. R. App. P. 26.1, 26.3. Once the period for granting a motion for extension of time under Rule 26.3 has passed, a party can no longer invoke the appellate court's jurisdiction. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Thus, the fact that appellants' notice of appeal was filed late

3

and after expiration of the period for requesting an extension deprives this court of jurisdiction in this matter. *Id.* Therefore, the appeal must be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

The appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.