# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00756-CV

**In re Bobby Wayne McKissack, Individually and as Co-Agent and Attorney in Fact for Joe Ann McKissack and Bobby Wilson McKissack, and Eric McKissack, Individually and as Co-Agent and Attorney in Fact for Joe Ann McKissack and Bobby Wilson McKissack**

### ORIGINAL PROCEEDING FROM COMAL COUNTY

### M E M O R A N D U M   O P I N I O N

Relators Bobby Wayne McKissack and Eric McKissack, Individually and as Co-Agents and Attorneys in Fact for Joe Ann McKissack and Bobby Wilson McKissack, filed a petition for writ of mandamus challenging an anti-suit injunction issued by the 274th District Court of Comal County. We conclude Relators have not established that they are entitled to mandamus relief. *See In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) ("The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974))); *Gannon v. Payne*, 706 S.W.2d 304, 305-06 (Tex. 1986) ("[W]hen a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in another court of this state."); *In re Henry*, 274 S.W.3d 185, 189 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("Texas state courts have the power to restrain persons from proceeding with suits filed in other courts of this state by granting

an 'anti-suit injunction,' abating proceedings in a second forum."). Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed: January 24, 2018