**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 31, 2019.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-19-00757-CV**

---

**IN RE RAHUL K. NATH, M.D., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-10826**

---

## MEMORANDUM OPINION

On September 30, 2019, relator Rahul K. Nath, M.D. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to

vacate her September 12, 2019 order that relator "must notify this Court, and all parties in the above-referenced cause, via e-filing, under seal of any contract for the sale of the real property located at 6515 Belmont Street, Houston, Texas 77005 within three (3) business days of the entry of such a contract" and "produce a copy of the contract for sale of the real property . . . as an attachment to the above referenced filing of notice."

With certain exceptions not applicable here, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

We conclude that the trial court's order is a mandatory temporary injunction that may be appealed under section 51.014(a) of the Texas Civil Practice and Remedies Code because it requires relator to take action—"to notify the Court and all parties "of any contract for the sale of the real property … within three (3) business days of the entry of such a contract" and "produce a copy of the contract for sale of the real property[.]" *See Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 335 (Tex. 2000); *Helix Energy Sols. Group, Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

An interlocutory appeal provides an adequate remedy. *See In re Henry*, 274 S.W.3d 185, 189 n. 2 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding). In both *In re Sewell*, No. 14-12-00044-CV, 2012 WL 254004, at *1 (Tex. App.–Houston [14th Dist.] Jan. 26, 2012, orig. proceeding) (per curiam) (mem. op.) and

*In re Williard Capital Corp.*, No. 14-16-00613-CV, 2016 WL 4205806, at *1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, orig. proceeding) (mem. op.), our court denied a petition for writ of mandamus seeking to vacate a temporary injunction because the relator has an adequate remedy by appeal of the injunction as provided for by section 51.014(a)(4) of the Texas Civil Practice and Remedies Code.

Because relator has an adequate remedy by interlocutory appeal of the trial court's mandatory injunction under section 51.014(a)(4), we deny relator's petition for writ of mandamus.

In a footnote in his petition for writ of mandamus, relator asks that if this court concludes that the trial court's order is a temporary mandatory injunction, this court treat relator's petition for writ of mandamus as an interlocutory appeal under section 51.014(a)(4). We deny this request. *See Raymond Overseas Holding, Ltd. v. Curry*, 955 S.W.2d 470, 471–72 (Tex. App.—Fort Worth 1997, no pet.); *Fleming & Associates, L.L.P. v. Kirklin*, No. 14-16-00752-CV, 2016 WL 6885967, at *1 (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, pet. denied) (per curiam) (mem. op.).


PER CURIAM


Panel consists of Chief Justice Frost and Justices Wise and Hassan.