**Emergency Motion for Reconsideration Denied; Memorandum Opinion filed October 31, 2019 Withdrawn; Petition for Writ of Mandamus Denied and Substitute Memorandum Opinion filed November 26, 2019.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-19-00757-CV

## IN RE RAHUL K. NATH, M.D., Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
215th District Court
Harris County, Texas
Trial Court Cause No. 2006-10826**

### SUBSTITUTE MEMORANDUM OPINION[1]

On September 30, 2019, relator Rahul K. Nath, M.D. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the respondent, the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris

---

[1] We withdraw the memorandum opinion issued in this case on October 31, 2019, and we deny relator's Emergency Motion for Reconsideration.

County, to vacate her September 12, 2019 order that relator "must notify this Court, and all parties in the above-referenced cause, via e-filing, under seal of any contract for the sale of the real property located at 6515 Belmont Street, Houston, Texas 77005 within three (3) business days of the entry of such a contract" and "produce a copy of the contract for sale of the real property . . . as an attachment to the above referenced filing of notice."

Nath bears the burden of demonstrating his entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In his petition, Nath asserts that he is entitled to mandamus relief because the trial court clearly abused its discretion in issuing the September 12, 2019 order ("Order") and because Nath has no adequate remedy at law. Nath does not assert in his mandamus petition that the Order is void, nor does Nath assert that he need not show that he has no adequate remedy at law. In his petition, Nath does not assert or demonstrate that he is excused from showing that he has no adequate remedy at law.

We conclude that the trial court's order is a mandatory temporary injunction that may be appealed under section 51.014(a) of the Texas Civil Practice and Remedies Code because it requires relator to take action—"to notify the Court and all parties "of any contract for the sale of the real property … within three (3)

2

business days of the entry of such a contract" and "produce a copy of the contract for sale of the real property[.]" *See Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 335 (Tex. 2000); *Helix Energy Sols. Group, Inc. v. Howard*, 452 S.W.3d 40, 44 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

An interlocutory appeal provides an adequate remedy. *See In re Henry*, 274 S.W.3d 185, 189 n. 2 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding). In both *In re Sewell*, No. 14-12-00044-CV, 2012 WL 254004, at *1 (Tex. App.–Houston [14th Dist.] Jan. 26, 2012, orig. proceeding) (per curiam) (mem. op.) and *In re Williard Capital Corp.*, No. 14-16-00613-CV, 2016 WL 4205806, at *1 (Tex. App.—Houston [14th Dist.] Aug. 9, 2016, orig. proceeding) (mem. op.), our court denied a petition for writ of mandamus seeking to vacate a temporary injunction because the relator had an adequate remedy by appeal of the injunction as provided for by section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. Nath has not shown that he has no adequate remedy by interlocutory appeal of the trial court's mandatory injunction under section 51.014(a)(4).

In his petition, Nath states that if this court determines that the Order is a temporary mandatory injunction, then we should consider his mandamus petition to be an interlocutory appeal under section 51.014(a)(4), as well as a mandamus petition. We deny this request. *See Raymond Overseas Holding, Ltd. v. Curry*, 955 S.W.2d 470, 471–72 (Tex. App.—Fort Worth 1997, no pet.); *Fleming & Associates, L.L.P. v. Kirklin*, No. 14-16-00752-CV, 2016 WL 6885967, at *1 (Tex. App.—Houston [14th Dist.] Nov. 22, 2016, pet. denied) (per curiam) (mem. op.).

In his emergency motion for reconsideration, Nath asserts that the Order is void for various reasons and that therefore Nath need not show that he lacks an

3

adequate remedy at law. In his mandamus petition, Nath did not assert that the Order is void or that he is entitled to mandamus relief without any need to show he lacks an adequate remedy at law. Nath's petition contains no argument, analysis, or legal authority that would support the arguments he makes in his motion for reconsideration. So, Nath waived these arguments in this proceeding by not briefing them in the mandamus petition. *See* Tex. R. App. P. 52.3(h) (stating that the mandamus petition "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record"); *In re TCW Global Project Fund II, Ltd.*, 274 S.W.3d 166, 169–71 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding [mand. denied]) (holding that relators waived an argument by not briefing the argument in their mandamus petition); *In re Akin Gump Strauss Hauer & Feld, LLP*, 252 S.W.3d 480, 495 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (holding that relator waived an argument by not briefing the argument in its mandamus petition).

Concluding that Nath has not shown his entitlement to mandamus relief on any basis asserted in his mandamus petition, we deny Nath's petition for writ of mandamus without prejudice to Nath's ability to file a subsequent mandamus petition based on arguments not contained in his mandamus petition in this case.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Wise and Hassan.