# NO. 12-19-00412-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: UPS GROUND FREIGHT, INC.* | § | |
| *AND PHILLIP VILLARREAL,* | § | *ORIGINAL PROCEEDING* |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

UPS Ground Freight, Inc. and Phillip Villareal, Relators, filed a petition for a writ of mandamus and a request for a temporary stay in the above cause, seeking to compel the Respondent, the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court of Rusk County, Texas to vacate an order compelling discovery. This Court granted the request for a temporary stay, stayed the trial court's order compelling discovery, and requested any real party in interest file a response to the petition for writ of mandamus. Real parties in interest Jacintha Nicole McElduff, independently and as Independent Administrator of the Estate of Nathan Dean Clark, and Micah and Sean Trotter, filed responses. Relators contend the trial court abused its discretion by requiring disclosure of drug and alcohol testing results they deem irrelevant. We conditionally grant the petition.

## BACKGROUND

Phillip Villareal was a truck driver employed by UPS Ground Freight, Inc. when he was involved in a multiple-car accident that resulted in multiple injuries and one fatality. In the course of the ensuing litigation, Jacintha Nicole McElduff served Relators with the following requests for interrogatories and for production:

**INTERROGATORY NO. 1:** For the time period of 2006 to 2017, please Identify all Commercial Motor Vehicle drivers who drove Commercial Motor Vehicles under Your authority and were dispatched out of the UPS

Freight/UPS Ground Freight facility in Irving, Texas (the same facility from which Defendant Phillip Villarreal was dispatched), and the time from [sic] each driver was employed (e.g. January 2003 to present, or January 1997 to October 2017).

**REQUEST FOR PRODUCTION NO. 1:** Copies of all documentation of all alcohol, drug and/or controlled substance tests of the drives [sic] identified in Your response to Cross-Plaintiff's Second Set of Interrogatories, including pre-employment, random, reasonable suspicion, periodic and post-accident testing.

Relators objected and, after a hearing, the trial court ordered Relators to comply with the requests. Thereafter, Relators filed their petition for writ of mandamus complaining of the trial court's discovery order.

## PREREQUISITES TO MANDAMUS

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839-40. Additionally, a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id*. at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id*. The relator has the burden to establish the prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (org. proceeding).

Mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. *See United Mexican States v. Ashley*, 556 S.W.2d 784, 785 (Tex. 1977) (orig. proceeding). Whether a remedy is adequate so as to preclude mandamus review depends heavily on the circumstances, and that determination requires a balancing of jurisprudential considerations. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136-37 (Tex. 2004) (orig. proceeding). Thus, an appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Id*. at 136. The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 842. A party will not have an adequate

2

remedy by appeal: (1) when the appellate court would not be able to cure the trial court's discovery error; (2) where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; and (3) where the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker*, 827 S.W.2d at 843.

## DISCOVERY ORDER

Relators assert that the trial court abused its discretion by requiring disclosure of drug and alcohol testing data, including records of non-parties, because McElduff did not show that those results are relevant. Of Relators' several arguments, we will address the contention that the requests were overly broad.

### Applicable Law

The scope of discovery largely rests within the discretion of the trial court. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action. TEX. R. CIV. P. 192.3(a). The rules governing discovery require that the information sought appear reasonably calculated to lead to the discovery of admissible evidence. *Id*. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. A request for information must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *In re CSX Corp.*, 124 S.W.3d at 152. A discovery request is overbroad when it encompasses time periods, activities, or products that are not relevant to the case in which the discovery is sought. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A discovery order that compels overly broad discovery is an abuse of discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Where a discovery order compels production of "patently irrelevant" documents there is no adequate remedy by appeal because the order "imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *In re CSX Corp.*, 124 S.W.3d at 153. Therefore, mandamus relief is available to remedy overly broad discovery. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d at 226.

3

**Analysis**

McElduff justifies her discovery requests by asserting they are supported by her claims against UPS. She alleged that UPS was negligent in failing to properly train, supervise, and monitor Villareal. She also alleged that UPS was guilty of gross negligence by "knowingly requiring and permitting its commercial motor vehicle drivers to drive while under the influence of drugs." Specifically, she alleged UPS failed to properly drug test Villareal or train him "about the operation of commercial motor-vehicles and use of drugs." McElduff asserts that the information sought is relevant to her effort to discover matters relating to the parameters, implementation, enforcement, and efficacy of UPS's drug-related policies. She wants to know whether UPS adequately supervised and monitored its drivers at the Irving terminal to prevent driving under the influence of drugs. She argues that she has "a legitimate interest in the drug-testing information because the drug culture of the Irving terminal is the crux of this lawsuit." According to Relators, the order covers 357 drivers and all of their test results over a period of eleven years, which, they argue, includes information with no relevance to this case for an overly burdensome time period.

A party may obtain discovery of the name, address, and telephone number of persons having knowledge of relevant facts. TEX. R. CIV. P. 192.3(c). UPS drivers working out of the facility where Villareal worked could have knowledge of facts regarding whether UPS properly supervised and monitored its drivers. A party may obtain documents that contain matters relevant to the subject matter of the action. *Id*. 192.3(b). McElduff contends the results of drug tests conducted by UPS on its drivers might aid in the determination of whether UPS was guilty of gross negligence as alleged in her petition. We assume without deciding that the information sought, names of employees and their test results, is relevant and discoverable because this information may tend to make the existence of a fact that is consequential to the determination of the action more or less probable than it would be without the evidence. *See* TEX. R. EVID. 401.[1]

However, discovery requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. *See In re CSX Corp.*, 124 S.W.3d at 152. Requests must be reasonably tailored to include only matters relevant to the case. *In re Am. Optical Corp.*, 988

---

[1] Having limited our consideration to whether McElduff's requests were overly broad, we make no determination whether 49 C.F. R. § 40.323 is applicable, whether the trial court's order complied with the requirements of that regulation, or whether production of drug tests of non-party UPS drivers is violative of any constitutional or evidentiary right of privacy.

4

S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam). Therefore, the trial court must make an effort to impose reasonable discovery limits. *In re CSX Corp.*, 124 S.W.3d at 152. Discovery orders compelling overly broad discovery cannot stand. *See **K Mart Corp. v. Sanderson***, 937 S.W.2d 429 (Tex. 1996) (orig. proceeding) (per curiam) (requests for information on criminal activities at all property owned, leased, or managed by the defendant in Texas over a seven-year period and information on incidents involving abductions from defendant's premises over a ten-year period held overly broad); ***Dillard Dep't Stores, Inc.***, 909 S.W.2d at 492 (request for documents of all complaints involving allegations similar to that of plaintiff from defendant's businesses located in twenty states over a five-year period held overly broad as a matter of law).

In deposition testimony, Villareal agreed with counsel that UPS did not exercise its duty to prevent employees from selling, transferring, or giving drugs to each other at the UPS facility. He agreed that there were times when he supplied drugs to other UPS drivers and dock workers and times when they gave drugs to him, and no one at UPS stopped them. He testified that he was drug tested at least once a year and passed those tests. Until the accident, he had never been told he failed a drug test. He agreed with counsel that UPS's system was not strict enough to catch his use of marijuana. He was not concerned about getting caught and knew he could continue driving for UPS. However, Villareal testified that he did not smoke marijuana the entire time period he was employed by UPS. He testified that he began "maybe five years" before his September 2019 deposition, and at least two years before the September 2017 accident.

We find the Federal Motor Carrier Safety Regulations, pursuant to which UPS is required to test its drivers for alcohol and drug use, instructive on the question of what constitutes an appropriate time period for discovery. *See* 49 C.F.R. §§ 382.301-.311 (2020). Current federal law requires UPS to retain positive drug test results for five years, records related to the controlled substances collection process for two years, and negative drug test results for only one year. *Id*. § 382.401(b).

We note, also, that Judge Gossett previously narrowed the scope of discovery in this case. At a hearing on a prior request for interrogatories, the court narrowed the scope of McElduff's request for information on all truck and vehicle accidents in which UPS has been involved. Counsel for McElduff asserted that he was willing to limit the request to accidents occurring in Texas in the last five years. The court ordered a "five years scope within the State of Texas, similar

5

in nature, concerning accident or cases involving allegations similar to this case. You know, unsafe driving, negligence, improper policies, safety training, rear-end collisions . . . ."

Based on Villareal's history of marijuana usage at UPS, his involvement in and first-hand knowledge of any alleged "drug culture" at UPS could only have been during the period of 2014 through 2017. Further, the federal government requires UPS to retain positive test results for only five years, not indefinitely. While the request and order before us are limited to information on UPS drivers who were dispatched out of UPS's Irving, Texas facility, the order's time period, the eleven years Villareal worked for UPS, is not a reasonable time limit. *See In re Deere & Co.*, 299 S.W.3d 819, 821 (Tex. 2009) (orig. proceeding) (per curiam) (order was properly limited to appropriate products but overbroad due to lack of reasonable time limit); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (orig. proceeding) (per curiam) (overbroad discovery request lacking appropriate limitations as to time, place, or subject matter not relevant to establish defendant's "corporate strategy to ignore safety laws"). Discovery orders requiring document production from an unreasonably long time period are impermissibly overbroad. *See In re CSX Corp.*, 124 S.W.3d at 152.

Here, the passage of time results in a sliding scale of relevance where information provided by previous employees becomes too attenuated from Villareal's situation to be of use. The likelihood that employees and test results from eleven years prior to the accident that is the focus of this litigation would shed any light on this case is too small to justify discovery. *See K Mart Corp.*, 937 S.W.2d at 431. McElduff's request could be more narrowly tailored to include only relevant matters pertinent to a more appropriate time period. *See In re CSX Corp.*, 124 S.W.3d at 153; *Gen. Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983) (orig. proceeding).

## DISPOSITION

Interrogatory No. 1 and Request for Production No. 1 are overly broad because they are not appropriately limited in time. Therefore, the trial court's order constitutes an abuse of discretion. Because mandamus relief is available to correct the trial court's action, we lift the stay previously imposed in this case, and we *conditionally grant mandamus* relief. We trust the trial court will promptly vacate its December 6, 2019 order, and in its stead, issue an order narrowing the parameters of discovery. The writ will issue only if the trial court fails to comply with the court's opinion and order *within ten (10) days after the date of the opinion and order*. The court

shall furnish this court, within the time for compliance with the court's opinion and order, a certified copy of its order evidencing such compliance.

**GREG NEELEY**
Justice

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# ORDER

**FEBRUARY 28, 2020**

**NO. 12-19-00412-CV**

**UPS GROUND FREIGHT, INC.
AND PHILLIP VILLARREAL,**
Relators
V.
**HON. J. CLAY GOSSETT,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **UPS GROUND FREIGHT, INC. and PHILLIP VILLARREAL**, who are the relators in appellate cause number 12-19-00412-CV and defendants in trial court cause number 2017-330, pending on the docket of the 4th Judicial District Court of Rusk County, Texas.  Said petition for writ of mandamus having been filed herein on December 13, 2019, and the same being duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and issue an order vacating its order of December 6, 2019, granting the motion to compel filed by Real Party in Interest, Jacintha Nicole McElduff, individually and as Independent

Administrator of the Estate of Nathan Dean Clark, the writ will not issue unless the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court of Rusk County, Texas fails to do so **within ten (10) days** from the date of this order.

It is further ORDERED that all costs of this proceeding are hereby adjudged against Real Party in Interest **Jacintha Nicole McElduff, independently and as Independent Administrator of the Estate of Nathan Dean Clark**.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*